■ In the Matter of LUCERO S., Respondent, v GABRIEL M., Appellant. [874 NYS2d 386]—In a proceeding, inter alia, pursuant to Family Court Act article 5-B, Gabriel M. appeals, as limited by his brief, from so much of an order of the Family Court, Queens County (Salinitro, J.), dated January 15, 2008, as denied his objections to (a) an order of the same court (Gartner, S.M.), dated on or about January 31, 2006, determining that the court had personal jurisdiction over him and granting the petitioner leave to amend the petition, (b) an order of the same court (Gartner, S.M.) dated August 2, 2006, which continued the proceeding, and (c) an order of the same court (Gartner, S.M.) dated August 9, 2007, which, after a paternity hearing, granted the petitioner an order of filiation and an order of child support.

Ordered that the order dated January 15, 2008 is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the appellant's contention, he was properly served with the summons and petition for child support under the Uniform Interstate Family Support Act (*see* Family Ct Act § 427 [c]; § 525 [a]; CPLR 308 [2]).

The Family Court providently exercised its discretion in granting the mother leave to amend the petition to allege paternity once the appellant denied paternity (*see Matter of Department of Social Servs. v Jay W.,* 105 AD2d 19 [1984]; CPLR 3025 [b]; *see also* Family Ct Act § 817). The record supports the Family Court's determination that the mother established, by clear and convincing evidence, that the appellant is the father of the subject child (*see* Family Ct Act § 532 [a]; *Matter of Commissioner of Social Servs., Suffolk County DSS v Wisloh,* 302 AD2d 383 [2003]).

The appellant's remaining contentions are without merit. Skelos, J.P., Ritter, Florio and Miller, JJ., concur.